UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------x
MINGO ESPINOSA,                            :
                                           :
            Movant,                        :
                                           :
      v.                                   :    Criminal No.3:02CR187(CFD)
                                           :    Civil No:   3:04CV1210)CFD)
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
            Respondent.                    :
------------------------------------------x

SUPPLIMENT TO MOVANT'S PETITION TO VACATE
SET ASIDE, AND/OR CORRECT A SENTENCE

I. Introduction

On July 17, 2004, Movant submitted a petition under 28 U.S.C. §2255 to vacate, set aside or correct a sentence. On August 6, 2004, this court ordered the government to file its memo in opposition, and on September 5, 2004, Movant received the government's response.

Subsequentlly, Movant submitted a letter to the court on September 16, 2004, and another letter on October 5, 2004, both of which sought to clarify the grounds for the petition and the relief sought. These letters are summarized below and attached as Exhibits A and B, and incorporated herein by reference.

II. Statement of the Case

Movant is seeking a modification of his sentence to the extent that the Criminal History Category of II should have been reduced to Category of I, and, if his attorney had used due diligence to investigate and present the factual evidence at sentencing, the outcome most likely would have been different.

1.

At sentencing in this court, Movant was assigned a Criminal History Category II due to a prior DUI offense in Superior Court of Meriden. The judge in that case rejected Movant's explanation that, although Movant paid the $650 entrance fee- See Exhibit C- to comply with the court's order enrollment and completion of the Alcohol Education Program (AEP) as a condition for having all charges dismissed, Movant testified that a staff person at the AEP office told him he could wait until his drivers' license was returned to start the program. Movant chose to wait and cited the statute which provided the basis for the clerk's recommendation. See Pet. Ltr. 9/10. The Superior Court judge rejected Movant's explanation out-of-hand, without reference to the statute, and ignoring a discussion with counsel, deciding that, since Movant had not complied with the court's order, he would be sentenced. The result was that Movant was convicted and sentenced on November 6, 2001 in state court to six months, suspended, and eighteen months probation. While on probation, Movant was indicted and arrested on federal charges of having violated 21 U.S.C. §841(a)(1), 841(b)(1)(B)(iii) and 846, and plead guilty to count two. This court sentenced Movant to 60 months imprisonment. Had Movant's Criminal History Category been calcualted as first offense instead of a prior offense as a result of the sentence in state court, Movant would have been eligible for the "safety valve", facing no mandatory minimum and a guideline range of 47 to 57 months.

**DISTRICT COURT MAY, AND SHOULD CONSIDER WHETHER IT WISHES TO RESENTENCE DEFENDANT UNDER THE BOOKER/FANFAN REGIME**

III. Argument

In United States v. Crosby, 2005 U.S. App Lexis 1699 (2nd Cir.2005), the court held that <u>Booker/Fanfan,</u> the requirement under 18 U.S.C. §3553(a) that the sentencing judge "consider" all the traditional sentencing factors enumerated in that section had "uncertain import because subsection 3553(b)(1) required judges

to select a sentence within the applicable Guidelines range unless the statutory standard for a departure was met." ID.*17. Now, with the mandatory duty to apply the Guidelines excised, the duty imposed by section 3553(a) to "consider" numerous factors acquires renewed significance. Id.[1]

District courts are now obligated to consider the guidelines only in an advisory capacity, along with the other sentencing factors listed in 18 U.S.C. §3553(a) subject to appellate review for reasonableness. In short, as the court explained in Crosby: "The sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guideline range or within permissible departure authority, or (ii) to impose a non-guideline sentence."

---

[1] Section 3553(a) provides:

Factors to be considered in imposing a sentence. --The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

(1) the nature and circumstance of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The court further held in Crosby that a sentecing judge would violate the Sixth Amendment by making factual findings and mandatorilly enhancing a sentence above the range applicable to facts found by a jury or admitted by a defendant. In such case, the district court has committed "procedural error" and the sentence will not be considered "reasonable" on appeal. Id., at 27.[2] In these cases the Appellate Court will remand to the district court for the purpose of permitting the district court to determine whether to resentence the defendant under the new Booker/Fanfan regime. Id., at *37, namely by using the guidelines as advisory and after careful scrutiny of each of the sentencing factors set forth in 18 U.S.C. §3553(a).

In light of these new rulings, this court should determine whether it wishes to resentence Mr. Espinosa by using the guidelines only as advisory and with closer scrutiny paid to the sentencing factors set forth in 18 U.S.C. §3553(a). The district court is no longer obligated to use the concept of Criminal History Categories, and should not use them in this case, because of the extenuating circumstance as explained above, and because Mr. Espinosa acted with the reasonable expectation that he was following the procedure for entrance into the Adult Alcohol Program of the state, as mandated by the Superior Court judge, which were explained to him by a clerk for this program, an agent of the state. Free to reject the harsh consequences in this case of the Criminal History Categories in the guidelines as the basis for sentencing, this court may conclude that a more lenient sentence is appropriate under the criteria of 18 U.S.C. §3553(a).

---

[2] This court emphasized that appellate review for reasonableness is not limited to the length of the sentence, but to the procedures by which the sentence was arrived at. Id., at *27.

As the guidelines are now advisory, rather than mandatory, this court can, and should address, this motion for a reduction of the Criminal History Category to I instead of II, treating this motion moreliberally and in a fashion more tailored to respond to the individual defendant.

**CONCLUSION**

The sentence should thus be vacated and the district court should consider whether it wishes to resentence Mr. Espinosa in light of the new Booker/Fanfan regime.[3]

Date: March 5TH 2005

Respectfully submitted,

Mingo Espinosa
#14748-014
FCI - Camp Otisville
P.O. Box 1000
Otisville, NY 10963-1000

Copies to:
　　Michael J. Gustafson, Esq.

---

[3] Nevertheless, should it become apparent that resentencing will be deterimental to the defendant, he requests that he be allowed the opportunity to avoid resentencing by promptly notifying the court that resentencing will not be sought. See Crosby, 2005 U.S. App. Lexis 1699, at *42.

EXHIBIT A

Mingo Espinosa
#14748-014
FCI - Camp Otisville
P.O. Box 1000
Otisville, NY 10963

September 16, 2004

Honorable Judge Droney
United States District Judge
District of Connecticut
50 Main Street
Hartford, CT 06106

RE: Civ. No.3:04 CV 1210 (CFD)

Dear Judge Droney,

    I have received the government Answer to my writ of habeas corpus, pursuant to Title 28 U.S.C. §2255, requesting the court to vacate, set aside, and/or correct my sentence.

    I need more time to reply since I have not received the transcript of my sentencing hearing I ordered from the Court Reporter Coordinator on August 24, 2004.

    My main argument is this: At sentencing, I was assigned a Guideline Criminal Category of II because of the prior DUI offenses in Superior Court of Meriden. I believe Judge Richards was too hasty in rejecting my explanation as to why I hadn't started Alcohol Education Program (AEP). I paid the $650 entrance fee, and when I called the AEP office, the staff person said that I could wait until my driver's license was returned to start the program.

    In the AEP statute, Sec 54-56g(b)(5) says,"...The suspension of the motor vehicle operator's license of such a person[one who was charged with DUI], pursuant to section 14-227b shall be effective during the period such person is participating in such program (AEP), provided such person shall have the <u>option of not commencing</u> (emphasis mine) the participation in such program until the period of such suspension (operator's license) is completed." It seems from this section that the Court Support Services Division should have informed Judge Richards of their response to me and the provision in the statute, and my attorney should have used due diligence to verify my claim.

    If I can convince you that I should not have been senttenced according to the Guideline Crminal Category of II, and that I would have completed the program, but for the hasty and arbitrary action of the state court judge, and that, therefore, I should be elligible for the safety valve, facing no mandatory minimum and a guideline range of 47 to 57 months. This,in a nutshell, is the extent of the relief I am seeking, if you will allow the time extension.

Hon. Christopher F. Droney
September 16, 2004
Page two


    Because of my restricted use of the phones, I was not able to contact the United States Attorney to get his consent to this request for an extension of time.


Respectfully,


Mingo Espinosa


Copy to:

Michael J. Gustafson, Esq.
Assistant U.S. Attorney
450 Main Street
Hartford, CT  06103

EXHIBIT B

Mingo Espinosa
#14748-014
FCI - Camp Otisville
P.O. Box 1000
Otisville, NY 10963

October 5, 2004

Honorable Judge Droney
United States District Judge
District of Connecticut
50 Main Street
Hartford, CT 06106

Re: 03-04 CV 1210 (CFD)

Dear Judge Droney,

    Further to my letter of September 16, 2004 on the above captioned case, I have now received the receipt for the entry fee into the Alcohol Education Program (AEP), which I have attached, as proof that I fully intended to participate in this program, and would have, but for the fact that I was told I could wait until my driver's license was restored, and, indeed, as previously stated in my letter of 09-16-04, the AEP statute, Sec. 54-56g(b)(5) bears me out. If I had had a chance to complete this program, the DUI offense would have been suspended, resulting in no conviction, which then would have affected the Sentencing Guideline for Criminal History Category, reducing it from Category II to zero.

    As before, my contention is that state court judge Richards was too hasty in pressuring me to take the plea, not allowing my Public Defender, Ms. Janis, to speak or explain, nor did he examine the AEP statute - all of which can be verified by a review of the transcript of the sentencing hearing before Judge Richards on November 6, 2001 at page 2. This transcript was attached to Attorney Richard Reeve's Sentencing Memorandum, filed in the district court on April 17, 2003.

    With this submission, I believe that I have exhausted all of my arguments and have nothing more to add. The relief I sought extended only to the unfair enhancement of my Criminal History Category to Level II instead of zero, and if you agree, and reduce my sentence to the appropriate level, I cannot ask for more. Thank you for your consideration to this matter.

Respectfully,

*Mingo Espinosa*
Mingo Espinosa

cc: Michael J. Gustafson, Esq.

EXHIBIT C

```
09/29/2004 10:55         * CRMVS CASE/DEFENDANT LOOK-UP *        JPJANIS         CR39
                         * FEE AND RECEIPT INFORMATION *         TNA7262:
   Dkt No: N07M-MV00-0449467-S Defendant: ESPINOSA MINGO                         YO:
          14-140 Reopen:  /      Victim Notification:  /    Family Violence:  /
    Alcohol Investigation: P/       Accelerated Rehab:  /      CADAC Program:  /
       Alcohol Evaluation:                    Probation: W/        Drug Test:  /
        Alcohol Education:  /      Probation Fee Due: 00/00/0000    CSLP:
           $0 Total Due          $0 Total Paid         $0 Bonds Forfeited   $0 Costs
     Pre-Trial Drug Education Program    $0 Paid        $0 Waived        $0 Imposed

 Rcpt No   Rcpt Date      Total/BC     Rcpt Code    Rcpt Code Desc       Amount
 094591    06/30/2000     $650.00         49        AI Fee                50.00
                                          50        AE Program Fee       600.00


  PF1-M      PF1-R       PF1-N       PF1-C       PF1-1       PF1-2       PF1-3       PF1-4
  PF1-5      PF1-7       PF1-9
```

## CERTIFICATE OF SERVICE

I hereby certify that on this 5TH day of March, 2005, I caused copies of the foregoing to be sent by U.S. Mail in a properly address envelope as follows:

Michael J. Gustafson, Esq.
Assistant United States Attorney
157 Church Street
New Haven, CT 06510

_____
Mingo Espinosa