**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:02 CR 187 (CFD) |
| | : | Civ. No. 3:04 CV 1210 (CFD) |
| | : | |
| MINGO JOSE ESPINOSA | : | |

**RULING ON MOTION UNDER 28 U.S.C. § 2255**

_____On July 29, 2003, after a plea of guilty, this Court sentenced Mingo Jose Espinosa to a

term of imprisonment of 60 months for conspiracy to possess and to distribute 5 grams or more

of cocaine base.  Espinosa did not file a direct appeal from this sentence.[1]  On July 21, 2004,

however, Espinosa filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody pursuant to 28 U.S.C. § 2255.  In that motion, Espinosa contends that his

sentence of imprisonment should be reduced because: (1) he had ineffective assistance of counsel

in violation of the Sixth Amendment to the United States Constitution; (2) his sentence was

increased in violation of Blakely v. Washington, 542 U.S. 296 (2004); and (3) the calculation of

the amount of drugs supporting his sentence was not verified and no evidence was presented to

the Court in violation of Fed. R. Crim. P. 11(b), causing an inappropriate Sentencing Guideline

to be applied in his sentence.  On September 5, 2004, the government filed its response to

Espinosa's motion.  On March 7, 2005, Espinosa filed a supplemental memorandum in support

of his § 2255 motion, clarifying the grounds upon which he sought a reduction in his sentence of

imprisonment and arguing that he should be resentenced in light of United States v. Booker, ---

---

[1]The Court advised Espinosa at his sentencing that he must file a direct appeal within ten
days.

U.S. ----, 125 S.Ct. 738, 756 (2005).  For the reasons set forth below, the Court concludes that an

evidentiary hearing is not required and that Espinosa's § 2255 motion should be **DENIED**.[2]

## I.      Background

On December 16, 2002, Espinosa entered a plea of guilty to count two of an indictment

charging him with conspiracy to possess with intent to distribute, and to distribute, five grams or

more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 846.  The

Court accepted the plea and entered a finding of guilty.  A presentence report was then completed

by United States Probation Office.  The government filed sentencing memoranda dated February

26, 2003, and July 14, 2003, and Espinosa filed a sentencing memorandum dated April 17, 2003.

This Court sentenced Espinosa to a term of imprisonment of 60 months, the statutory mandatory

minimum, on July 17, 2003.  Espinosa failed to appeal his sentence.  He filed *pro se* his motion

pursuant to § 2255 on July 21, 2004.[3]

## II.     Discussion

Espinosa now asserts two arguments before this Court after he clarified his § 2255 motion

in his supplemental memorandum: (1) his sentence should be vacated and he should be

resentenced pursuant to United States v. Booker, 125 S.Ct. at 756; and, alternatively, (2) his

original sentence should be reduced because of ineffective assistance of counsel.  Each argument

---

[2]Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," an evidentiary hearing is unnecessary.  28 U.S.C. § 2255.  See also  Johnson v. Fogg, 653 F.2d 750, 752 (2d Cir. 1981) (a § 2255 motion may be dismissed without a hearing if, after a review of the record, the court determines that the motion is without merit because the allegations are insufficient as a matter of law); United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990) (when making its determination regarding the necessity of a hearing, the district court may draw upon its personal knowledge and recollection of the case).

[3]The § 2255 motion was timely as judgment did not enter until July 29, 2003.

will be addressed in turn.

1) Resentencing Pursuant to *Booker*

The Court declines to vacate Espinosa's sentence and resentence him pursuant to Booker, as the Supreme Court specifically limited the effect of its decision in that case to all cases pending on direct review.[4]  Id at 769 ("we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review"); see also U.S. v. Crosby, 397 F.3d 103, 116 n.16 (2d. Cir. 2005) ("we are obliged to apply Booker/Fanfan to this case because it is pending on direct review").  Espinosa is not proceeding on direct appeal, but rather collaterally attacks his sentence pursuant to § 2255.  Consequently, the Court declines to vacate Espinosa's sentence and resentence him under Booker.  See U.S. v. Guzman, 404 F.3d 139, 140 (2d Cir. 2005) ("hold[ing] that Booker does not apply retroactively to cases on collateral review"); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before

---

[4]In Booker, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Booker, --- U.S. at ----, 125 S.Ct. at 756.  In the "remedial" portion of Booker, the Supreme Court severed and excised two sections of the sentencing guidelines–subsection 3553(b)(1) (mandating use of the guidelines) and section 3742(e) (which set forth standards of review on appeal)–thereby making the guidelines advisory, rather than mandatory, in future sentencings.  Id. at 756-57.

Before Booker was decided, Espinosa sought relief pursuant to Blakely v. Washington, 124 S.Ct. 2531.  Blakely is inapplicable to this case, however, as the Supreme Court only was addressing the sentencing scheme employed by the state of Washington, and the Court explicitly instructed that "[t]he Federal Guidelines are not before us, and we express no opinion on them."  Id at 2538 n. 9; see also United States v. Mincey, 380 F.3d 102 (2d Cir. 2004) (holding that Blakely did not apply to the federal Sentencing Guidelines).  However, Espinosa appears to make the same argument under Booker that he made under Blakely.

its release date on January 12, 2005"); <u>Hamdani v. U.S.</u>, 2005 WL 419727 (E.D.N.Y., Feb 22,

2005) (finding that <u>Booker</u> did not apply retroactively to petitioner's § 2255 challenge to his

sentencing enhancements); <u>Rucker v. U.S.</u>, 2005 WL 331336 (D.Utah, Feb. 10, 2005) (rejecting

a petitioner's § 2255 argument that "<u>Blakely</u> (and implicitly <u>Booker</u> ) should be applied

retroactively to him and, therefore, that his sentence was unconstitutional").[5]

    2) <u>Ineffective Assistance of Counsel</u>

    Espinosa next claims that he was provided with ineffective assistance of counsel, in

violation of the Sixth Amendment, because his counsel failed to object to the criminal history

points related to a State of Connecticut conviction for driving under the influence of alcohol

("DUI") in 2001 in his criminal history calculation in his presentence report.  Espinosa claims

that the inclusion of these criminal history points precluded him from obtaining so-called "safety

valve" relief from the mandatory minimum sentence of imprisonment the Court imposed.  <u>See</u> 18

U.S.C. § 3553(f)(1) (limiting safety valve relief to defendants who do not have more than one

criminal history point, as determined under the Sentencing Guidelines); U.S.S.G. § 5C1.2

(same).

    It is well settled that a defendant claiming ineffective assistance of counsel must show

---

    [5]It should also be noted that Espinosa was sentenced to the statutory mandatory minimum of sixty months' imprisonment.  Thus, <u>Booker</u>'s effect on the application of the sentencing guidelines would not result in a change to Espinosa's sentence.  As discussed *infra* in the text, Espinosa agreed to a drug quantity that resulted in the application of the five-year mandatory minimum.  Such stipulations are enforceable under <u>Booker</u>.  125 S.Ct. at 756.

    Espinosa also argues that the Court should reduce his criminal history category from II to I under <u>Booker</u>.  However, his criminal history category was irrelevant to the statutory mandatory minimum term of imprisonment, except for the consideration of the "safety valve," which is discussed *infra* in the text.  <u>Booker</u> does not disturb statutory mandatory minimums, such as 21 U.S.C. § 841(b)(1)(B)(iii), which applied to Espinosa pursuant to his plea agreement.

both: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 688 (1984); United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999).  For the following reasons, the Court finds that Espinosa was provided with effective assistance of counsel.

Pursuant to the "safety-valve" provision, a defendant convicted of an offense in violation of 21 U.S.C. § 841, as was Espinosa here, can be sentenced to a term less than the statutory minimum if the sentencing court finds, in addition to four other factors, that the defendant does not have more than one criminal history point.  18 U.S.C. § 3553(f)(1).[6]  The burden is on a defendant to prove he meets the eligibility requirements for the safety valve.  See, e.g. United States v. Washman, 128 F.3d 1305, 1307 (9th Cir. 1997); United States v. Cruz, 106 F.3d 1553, 1557 (11th Cir. 1997).

The following additional facts are relevant to the resolution of this claim.  In the plea agreement, Espinosa admitted that, for purposes of determining relevant conduct, more than 35 but less than 50 grams of cocaine base could be attributed to him for sentencing purposes, thereby resulting in a Base Offense Level of 30.  The government agreed that the offense level should be reduced by two levels because Espinosa was a minor participant in the criminal activity underlying his conviction, and reduced another three levels for acceptance of responsibility.  Consequently, the plea agreement established a base offense level of 25.  The parties *did not* stipulate to or estimate Espinosa's criminal history category in the plea agreement.

---

[6]In addition, a defendant who qualifies for safety valve relief under § 5C1.2 may receive a two-level offense level reduction under USSG § 2D1.1(b).

The plea agreement also noted that Espinosa "understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing."

The presentence report ("PSR") completed by the Probation Officer assigned Espinosa four criminal history points, and a resulting Criminal History Category of III, based on the following:

    1) one point for his criminal impersonation conviction on June 7, 1995, in the Connecticut Superior Court;

    2) one point for the DUI conviction on November 16, 2002; and

    3) two points because he committed the offense underlying this proceeding while on a term of probation arising from his DUI conviction.

With a Criminal History Category of III, and a base offense level of 25, Espinosa's Sentencing Guidelines' range was 70-87 months' imprisonment.  In his sentencing memoranda, Espinosa's attorney objected to the inclusion of the one point for the criminal impersonation conviction, arguing that the conviction should not be accorded any criminal history points because U.S.S.G. § 4A1.2(c) excludes any convictions involving "false information to a police officer" unless the sentence imposed is at least one year probation or thirty days or more in jail. Espinosa's sentence on that conviction was an unconditional discharge.  The Court ultimately agreed with Espinosa and deducted that offense from his criminal history calculation, thereby reducing Espinosa to a Criminal History Category of II based upon the one point accorded to his 2002 DUI conviction and two points resulting from the fact that he committed the offense underlying this proceeding while on a term of probation from his DUI conviction.  See U.S.S.G.

§ 4A1.1(d).

Espinosa now argues that his counsel was ineffective because he failed to object to the criminal history points related to his prior DUI conviction, and failed to reduce his criminal history category to I, which would have allowed Espinosa to obtain "safety-valve" relief.  In support of that argument, Espinosa argues the following: As a condition of having the DUI charge dismissed, the Superior Court had ordered that he complete an Alcohol Education Program ("AEP").  At the sentencing hearing for that offense, the trial judge rejected Espinosa's explanation concerning his failure to complete the AEP. The trial judge then accepted Espinosa's guilty plea, rendered a judgment of conviction on the DUI charge and sentenced him to six months' imprisonment, suspended, and eighteen months' probation.

Espinosa does not dispute that his prior DUI conviction was valid pursuant to the laws of Connecticut.  In addition, he does not dispute the more general proposition that DUI convictions count toward a defendant's criminal history and are not considered "minor infractions." See U.S.S.G. § 4A1.2(c), Commentary, Application note 5; United States v. Loeb, 45 F.3d 719, 722 (2nd Cir. 1995); United States v. Walling, 974 F.2d 140, 142 (10th Cir. 1992).  Rather, Espinosa's argument appears to be that this Court nevertheless should have discounted that conviction, and its criminal history points, due to "confusion" at the time it was entered concerning his ability and willingness to participate in the AEP.  This argument is without merit, as the Court must accord valid prior convictions the weight accorded to them by the Sentencing Guidelines. See United States v. Martinez-Cortez, 354 F.3d 830, 831-32 (8th Cir. 2004) (district court improperly disregarded the defendant's prior DUI conviction and granted "safety valve" relief).

Moreover, to the extent Espinosa is contesting the validity of his 2002 DUI conviction, and arguing that his counsel should have made a similar collateral attack on that conviction prior to his sentencing, it too must be rejected.  In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court held that, at a federal sentencing hearing, a defendant may not collaterally challenge a prior conviction used to enhance his sentence, unless he did not have access to counsel when that prior conviction was obtained.  Id. at 493-96; see also Clawson v. United States, 52 F.3d 806, 807 (9th Cir. 1995) ("[u]nder Custis, there is no constitutional right to collaterally attack the validity of a state conviction in a federal sentencing hearing on any basis other than denial of the right to counsel").  The rationale of Custis has been extended to subsequent § 2255 motions challenging such an enhanced sentence.  See Daniels v. United States, 532 U.S. 374 (2001) (a federal prisoner may not attack a predicate state conviction through a § 2255 motion challenging an enhanced federal sentence); United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996) (holding that where a defendant's claim did not amount to a "complete denial of counsel," it could not form the basis of a collateral attack in a § 2255 motion).  Preventing such collateral attacks serves to enhance "considerations of administration and finality." See Johnson v. U.S., __ U.S. __, __, 125 S. Ct. 1571, 1578 (Apr. 4, 2005).  Moreover, the holding in Custis "bear[s] extra weight in cases in which the prior convictions . . . are based on guilty pleas, because when a guilty plea is at issue, the concern with finality served by the limitation on collateral attack has special force." Custis, 511 U.S. at 497 (quotation marks omitted).

Espinosa does not claim that he was denied his right to counsel when he entered his guilty plea for the 2002 DUI offense.  To the contrary, Espinosa acknowledges that he was represented

by a public defender, "Ms. Janis," and there is no evidence that he appealed that sentence or otherwise challenged it previously in the Connecticut courts.  Consequently, Espinosa's counsel at sentencing in this matter lacked a basis upon which to collaterally attack Espinosa's prior DUI conviction.  See e.g., United States v. Farley, 2001 WL 1299250 (6th Cir., Aug. 9, 2001) (because the defendant's prior conviction was not open to collateral attack, district court properly denied safety valve relief based on criminal history points).

Thus, Espinosa's counsel did the next best thing here: he advocated for a downward departure on the ground that a Criminal History category of II over-represented Espinosa's criminal history.  The Court considered this request, and found it to be without merit.  The Court did, however, agree with Espinosa's attorney that a downward departure was warranted on the basis of Espinosa's extraordinary family circumstances.  Consequently, the Court departed downward to a sentence of 60 months imprisonment, the statutory mandatory minimum.  See 21 U.S.C. §§ 841(b)(1)(B)(iii).  Thus, although originally facing a sentence of 70 to 87 months' imprisonment, Espinosa received a sentence of 60 months.

In sum, Espinosa's counsel was not ineffective for failing to obtain "safety valve" relief for Espinosa.  To the contrary, Espinosa's counsel provided representation that surpasses any objective standard of reasonableness.[7]

---

[7]In his original § 2255 petition, Espinosa requested "transcripts" so he could amend his petition.  The transcripts have not been ordered by the Court, however.  Espinosa amended his petition on March 7, 2005 [Doc. # 94] and requested a decision on his § 2255 petition on May 16, 2005 [Doc. #99] in the absence of such transcripts.  Moreover, Espinosa does not dispute the facts recited herein, including his representation by counsel for the DUI conviction.  Also, it appears he has withdrawn his challenge to his drug quantity stipulation, discussed *infra* at page 10.  See amended petition [Doc. # 94].

9

3) <u>Drug Quantity</u>[8]

Finally, Espinosa claimed in his original petition that the calculation of drugs for his guilty plea and sentencing was "not verified . . . in violation of Fed. R. Crim. P. 11(b)." Presumably, Espinosa is referring to Rule 11(b)(3), which provides that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."[9] This language does not require the district court to weigh any evidence or predict a jury outcome. The court must "assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." <u>United States v. Maher</u>, 108 F.3d 1513, 1524 (2d Cir. 1997); <u>see also</u> <u>United States v. Lumpkins</u>, 845 F.2d 1444, 1451 (7th Cir. 1988) ("Rule 11(f) requires an adequate factual basis for a guilty plea; it does not require the judge to replicate the trial that the prosecutor and defendant entered a plea agreement to avoid.").  "And if the charge is uncomplicated, the indictment detailed and specific, and the defendant's admission unequivocal, then the reading of the indictment and the admission of the facts described in it satisfies Rule 11(f)." <u>U.S. v. Smith</u>, 160 F.3d 117, 121 (2d Cir. 1998) (quotations omitted).

The factual basis for guilty plea by Espinosa was provided by the plea agreement itself, in which he agreed that he had conspired to distribute more than 5 grams of cocaine base–the requisite amount needed to support a conviction under 21 U.S.C. § 841(b)(1)(B)(iii).  Espinosa

---

[8]It appears that Espinosa has withdrawn this claim.  <u>See</u> amended petition [Doc. #94]. However, the Court will still address it.

[9]At the time Espinosa entered his plea, this requirement was set forth in subsection (f) of Rule 11.  <u>See</u> <u>United States v. Rosen</u>, __ F.3d __, __, 2005 WL 1324968 (2d Cir. Jun. 6, 2005) (noting Rule 11(b)(3)'s "substantive predecessor was Fed. R. Crim. P. 11(f) until December 1, 2002").

also specifically agreed in the plea agreement that his relevant conduct for sentencing purposes was "more than 35 but less than 50 grams of cocaine base" which "results in a base offense level of 30."[10]  In addition to drug quantity, the plea agreement also set forth all of the remaining elements of §§ 841(b)(1)(B)(iii) and 846.  At the change of plea hearing, the Court once again advised Espinosa as to the relevant elements of the offenses with which he was charged.  The Court also specifically reviewed with Espinosa the drug quantity stipulation in the plea agreement.  The Court then asked the prosecutor to summarize Espinosa's conduct that satisfied the elements of the charge,  as well as to summarize the government's evidence as to that charge. At the conclusion of this description, this Court asked the prosecutor a clarifying question about the specific evidence pertaining to the conspiracy charge.  After receiving such clarification, the Court asked Espinosa whether he agreed with the prosecutor's summary of his conduct: Espinosa answered in the affirmative.  In addition, the Court asked Espinosa whether the written plea agreement fully and accurately reflected his understanding of the agreement he entered into with the government.  Espinosa again responded affirmatively.

 Consequently, Espinosa's Rule 11(b) claim also is without merit.  Cf. U.S. v. White, 240 F.32d 127, 134 (2d Cir. 2001) (no error for district court to sentence defendant based on stipulations entered into by the parties regarding the type and quantity of drugs involved in the three charged transactions).

**III**    **Conclusion**

Espinosa's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal

---

[10]As mentioned previously, Booker still permits an agreement by the defendant as to drug quantity to satisfy the offense element of drug quantity, resulting in the application of a statutory mandatory minimum period of incarceration.  See footnote 5, *supra*.

Custody pursuant to 28 U.S.C. § 2255 **[Doc.#78]** is **DENIED**.  The Clerk is directed to close the

case.  No certificate of appealability will issue as there has been no "substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

　　　　SO ORDERED this _1st___ day of July 2005, at Hartford, Connecticut.


　　　　　　　　　　　　　　　　_____/s/ CFD_____
　　　　　　　　　　　　　　　　**CHRISTOPHER F. DRONEY**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**